**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| MALACHI XAVIER LOWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-275-JDK-JDL |
| | § | |
| DIRECTOR, TDCJ-CID, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Malachi Lowe, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On February 2, 2026, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to obey an order of the Court. Docket No. 11. Plaintiff objected. Docket No. 13.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Services, LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

In his objections, Plaintiff says that he lacks the funds to pay the initial partial filing fee of $9.00 to proceed *in forma pauperis* as required by Court order. *See* Docket No. 13. He states that he submitted another copy of his inmate trust account to show that

1

he is "truly without funds." *Id.* But the Court's records show that no such copy has been received. Nor does Plaintiff establish any good cause for his failure to obey the Court's order. Plaintiff mostly repeats arguments from his previous filings, insisting that he is "truly indigent." Docket No. 13. The Fifth Circuit has stated that "parties filing objections [to a Magistrate Judge's Report] must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Battle v. U.S. Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987); *see also* Fed. R. Civ. P. 72(b)(2). This means that a party must point out with particularity any alleged errors in the Magistrate Judge's analysis. Objections which merely re-urge arguments from the original briefing are not proper and will not be considered. *See Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Plaintiff fails to identify what specifically he objects to   within the Magistrate Judge's Report and thus his objections are without merit.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 13) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 11) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to prosecute or obey an order of the Court.

**So ordered and signed on this**

**Jun 15, 2026**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3